## 44514. ZEH et al. v. GRIFFIN.
### (359 SE2d 899)

HUNT, Justice.

The issue in this case is whether a will, executed in a foreign state by a non-resident who thereafter becomes and is a resident of this state at her death, is or is not a "foreign will" under our statutes. The trial court held it was not and we affirm.

1. The will in question was executed under Florida law, but it is undisputed that it meets all of the requisites of Georgia law. OCGA § 53-2-40 et seq. OCGA § 53-3-40 provides that "[a]ll wills conveying property in this state, *executed* by persons residing outside this state, shall be held and treated as foreign wills." (Emphasis supplied.) On the other hand, OCGA § 53-3-1 declares that "[t]he residence of the testator at his death shall give jurisdiction to the judge of the probate court of that county." While it is true that the will in question was "executed" outside this state, the death of the testator while a resident of this state confers jurisdiction upon our local probate court. It is clear from a perusal of the "foreign will" provisions that those sections refer to one who is domiciled in another state at the time of his death and presuppose probate in an out-of-state jurisdiction. Reading these sections in pari materia, we conclude that a will executed out-of-state by one who is a Georgia resident at his death is not a "foreign will" as contemplated in OCGA § 53-3-40, quoted above. It follows then that the trial court properly held that the will involved in this case was not a foreign will.

2. It was within the trial court's discretion to permit the named executrix, who is the testator's daughter and is a resident of Florida, to serve without bond as provided in the will. See OCGA § 53-6-22 (b).

3. We need not reach the executrix's argument that the grandchildren have no standing to contest the probate court's action.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 1987.

*Sylvester & Assoc., Chuck Sylvester,* for appellants.
*Will Ed Smith,* for appellee.